Michael N. Cohen (SB# 225348)
*mcohen@cohenip.com*
Joshua H. Eichenstein (SB# 299392)
*jeichenstein@cohenip.com*
COHEN IP LAW GROUP
A Professional Corporation
9025 Wilshire Boulevard, Suite 301
Beverly Hills, California  90211
Phone: (310) 288-4500 • Fax: (310) 246-9980

Attorneys for Plaintiff
REFLEX MEDIA INC. a Nevada Corporation,
 INFOSTREAM GROUP, a Nevada Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX MEDIA INC. a Nevada Corporation and INFOSTREAM GROUP, INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>INTERNET LABZ, INC., a permanently revoked Nevada corporation, d/b/a sugardaddy.travel; BOBBY KHALILI, an individual, a/k/a Rob Rosenthal, a/k/a Robert Shaker; SAMAN MIKE EBRAHIMI, an individual; and DOES 1-25,<br><br>Defendants. | **COMPLAINT FOR**:<br><br>1.  COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.;<br>2. CONTRIBUTORY COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 et seq.;<br>3. TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125;<br>4. UNFAIR COMPETITION, 15 U.S.C. § 1125;<br>5. UNFAIR COMPETITION Cal. Bus. & Prof. Code §17200<br>6. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:          None Set |

Plaintiffs Reflex Media Inc. (hereinafter "Reflex Media") and InfoStream Group, Inc. ("InfoStream") (collectively, "Plaintiffs") hereby alleges against Defendants Internet Labz, Inc., a permanently revoked Nevada corporation, d/b/a

sugardaddy.travel; Bobby Khalili, an individual; Saman Mike Ebrahimi, an individual; and DOES 1-25 inclusive (collectively hereinafter as "Defendants") as follows:

## **INTRODUCTION**

1.      This is a case to stop Defendants from running a knockoff of misstravel.com (hereinafter "Misstravel.com" or "Plaintiffs' Website"). Sugardaddy.travel (hereinafter "Defendants Infringing Website") was launched over a year after the debut of Plaintiffs' Website, and was built by slavishly copying its graphics, text, look, feel, features, and services.   A great deal, if not all of Defendants' profits are due to its copying and misuse of Plaintiffs' intellectual property.   Plaintiffs are concerned that because Defendants Infringing Website copied Plaintiffs' intellectual property, the general public has and will continue to incorrectly believe that Plaintiffs and  Defendants are associates.  Defendants do not and cannot provide the same level of quality of user experience as Plaintiffs, and Plaintiffs have no ability to control the user experience on Defendants Infringing Website.

2.      Plaintiffs suspect that Defendants unlawful conduct does not begin and end with intellectual property violations.   Plaintiffs do not want the goodwill it has worked so hard to build to suffer because it's intellectual property was high-jacked by Defendants. Plaintiffs, therefore, seeks to end Defendants illegal activity by enforcing it's available rights and remedies under the law.

## **PARTIES**

3.      Plaintiff Reflex Media is now, and was at the time of the filing of this Complaint and at all intervening times, a private limited corporation duly organized and existing under the laws of Nevada, with its principal place of business in Las Vegas, Nevada. Reflex Media is the exclusive licensee of and operates misstravel.com

4.      Plaintiff InfoStream Group, inc. is, and at all material times hereto was a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Infostream controlled misstravelc.om prior to Reflex Media.

5.      Plaintiffs are informed and believes that Defendant INTERNET LABZ, INC. is a "permanently revoked" corporation duly organized and existing under the laws of Nevada, with its registered service address located at 3395 S. Jones Blvd. Las Vegas, NV 89146. Upon information and belief, INTERNET LABZ, INC. maintains continuous and systematic contact with the State of California with a mailbox believed to be located at 9903 Santa Monica Blvd, STE 961, Beverly Hills, CA 90212. Further, INTERNET LABZ listed its registered address for internetlabz.com as 1719 Ashway Drive, Santa Monica, CA 90401.

6.      Upon information and belief, Defendant Bobby Khalili a/k/a Robert Rosenthal, a/k/a Robert Shaker ("KHALILI"), is an individual maintaining continuous and systematic contact with the State of California with a mailbox located at 9903 Santa Monica Blvd., #961, Beverly Hills, California.

7.      Upon information and belief, KHALILI is an officer and/or shareholder of INTERNET LABZ, INC., d/b/a sugardaddy.travel.  Furthermore, Plaintiffs are informed and believes and thereupon alleges that KHALILI has been acting as a partner, contractor, joint venturer or agent of one or more of the other named Defendants and that each is jointly and severally responsible for the acts and omissions complained herein.

8.      Upon information and belief, Defendant Saman Mike Ebrahimi, an is maintaining continuous and systematic contact with the State of California with a mailbox at 9903 Santa Monica Blvd., #961, Beverly Hills, California.

9.      Upon information and belief, Mr. Ebrahimi is an officer and/or shareholder of INTERNET LABZ, INC., d/b/a sugardaddy.travel.  Furthermore,

Plaintiffs are informed and believes and thereupon alleges that Mr. Rosenthal has been acting as a partner, contractor, joint venturer or agent of one or more of the other named Defendants and that each is jointly and severally responsible for the acts and omissions complained herein.

10.    Plaintiffs have yet fully and independently identified the true names and capacities of the Defendants sued herein as Does 1-25, inclusive, and therefore sues those Defendants by such fictitious names.  Plaintiffs reserve the right to amend this complaint to allege such Defendants' true names and capacities when they are ascertained.  Plaintiffs are informed and believes and thereupon alleges that each of the fictitiously designated Defendants has been acting as a partner, contractor, joint venturer, agent, or employee of one or more of the named Defendants and that each is jointly or severally responsible for the acts and omissions complained of herein.

## JURISDICTION AND VENUE

11.    This is a civil action arising under the Copyright Act of 1976, as amended, 17. U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. §1125 *et seq.*, the California Business and Professions Code § 17200 *et seq.*, and common law claims. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a), 1338(b).  This Court also has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

12.    Personal jurisdiction exists over each Defendant because each Defendant has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortuous acts outside California knowing and/or intending that such acts would cause injury within this state. In addition, on information and belief, personal jurisdiction in this District is proper because Defendants, and each of them, without the consent or permission of Plaintiffs, distributed and/or publicly displayed over the Internet copyrighted works controlled

by Plaintiffs.   On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one.

13.   Alternatively, The Court has personal jurisdiction over all the Defendants pursuant to California Code of Civil Procedure §410.10.   Plaintiffs are informed and believes and thereon alleges that the Defendants have engaged in business activities in California, and the unlawful acts of Defendants complained of in this Complaint have been committed within this judicial district.

14.   Further, venue is properly laid in this Court pursuant to 28 U.S.C. § 1400(a),  1391(b) and (c).

## GENERAL ALLEGATIONS

15.   Plaintiffs are a well known company that operates various online dating websites.   In this particular case, Plaintiffs operate a highly successful travel dating website <misstravel.com> where individuals can meet, converse, arrange trips, or just chat. Plaintiffs' website has garnered a high degree of fame due to its originality and extensive marketing and advertising efforts, and as such has been the subject matter of several television and print features such as but not limited to, ABC 20/20, LIVE WITH KELLY, ANDERSON LIVE, DR. DREW, GOOD MORNING AMERICA, CNN, THE HUFFINGTON POST, LA TIMES, USA TODAY, FODORS, LONDON EVENING STANDARD, FOX BUSINESS, BUSINESS INSIDER, COSMOPOLITAN, THE DAILY BEAST.  Plaintiffs have been continuously operating this website continuously since 2012. Reflex Media is the exclusive licensee and InfoStream is the exclusive owner of all right, title, and interest in and to the copyrights for  MISS TRAVEL, and has registered the same with the United States Copyright Office as follows:

| Registration No. | Date | TITLE OF WORK |
|---|---|---|
| VA 1-916-366 | 10/24/13 | MISS TRAVEL |
| TX0007903270 | 10/24/13 | MISS TRAVEL |

16.    The copyrighted work includes text, photographs, and 2-D artwork published on Plaintiffs' Website.

17.     Plaintiffs spent substantial sums and years of effort in advertising, promotion and developing Plaintiffs' Website and it's intellectual property, throughout the United States and internationally.  As a result of such advertising and expenditures, Plaintiffs' Website and it's intellectual property has become famous and is recognized throughout this industry.  Plaintiffs have established considerable goodwill  in the industry and online dating community.

18.    Plaintiffs' Website contains copyright notification to notify the public of its authorship and ownership of the material, images, text, illustrations, photographs, designs, graphics and logos contained therein.  Furthermore, the "Terms and Conditions" on Plaintiffs' Website contain notifications to the public that the website contains copyrighted material and other proprietary information which may not be copied.

## DEFENDANTS CREATED AN IDENTICAL COUNTERFEIT WEBSITE

19.    Plaintiffs' success has given rise to efforts by others to capitalize on its significant investment.   The Defendants have acted in bad faith and seek to inappropriately associate themselves with Plaintiffs and its substantial global goodwill.  Defendants operate such a copycat website.

20.    Upon information and belief, on April 4, 2013  Defendants launched <sugardaddy.travel>  using Plaintiffs' previously published and copyrighted content. Defendants egregiously copied, transformed, modified, adapted and/or displayed, among other thing, the text, photographs, selection, arrangement and compilation of the Plaintiffs' Website. The Defendants' Infringing Website not only bears a striking and confusingly similarity to the distinctive trade dress in the Plaintiffs' Website, but

has brazenly made an identical duplicate of all of the images, video, and text, and has simply change the words "Misstravel.com" for "sugardaddy.travel".  A side by side comparison shows the identical copying made by Defendants:

Plaintiffs' Website on April 15, 2012:



Defendant's Infringing Website on April 4, 2013:



22.	Plaintiffs have never granted to any of the Defendants individually or collectively, any form of right in its lawfully registered copyrights, trademark, trade dress, or other rights.

23.    Plaintiffs became aware of Defendants Infringing Website in and around October 2013. On or around October 2013, Plaintiff began investigating the parties behind the infringing website.  While a WHOIS search lists the owner of Defendants Infringing Website as Jamie Simons located in the Philippines, Plaintiffs believe this is a false identity in an attempt to hide their true identities.

24.    On or around October 2013, Plaintiffs' counsel submitted a copyright takedown notice through Facebook in order to remove infringing content.  A person identifying themselves as "Robert Shaker" responded to takedown notice.  They refused to admit the theft of Plaintiffs' work, and continued to continuously violate Plaintiffs' intellectual property rights.

25.    Plaintiffs investigated "Robert Shaker" and found a Robert Shaker profile on LinkedIn identifying himself as "business development for sugardaddy.travel" and located in Beverly Hills.

26.    However, a Google-image search of the headshot used for the Robert Shaker profile reveals that it is of a male model by the name of "Danny Schwarz." As such, Plaintiffs have no reason to suspect Danny Schwarz, and believes that the profile and identity of "Robert Shaker" is one of many alias of Defendant .

27.    Plaintiffs' further investigation revealed that named Defendant, Internet Labz, Inc., a permanently revoked Nevada corporation listed <sugardaddy.travel> on its corporate website as one of its companies.

28.    Plaintiffs are informed and believes that Defendants Infringing Website continues to use Plaintiffs' copyrighted works without authorization at the time of this filing.

29.    Plaintiffs are informed and believes and thereon alleges that Defendants intentionally copied, modified, transformed and adapted the copyrights comprising of and not limited to the text, photos, selection, arrangement and compilation of the Plaintiffs' Website, all with knowledge of Plaintiffs' copyrights.

30.     Defendants have made commercial use of the copyrighted material therein.  Plaintiffs are informed and believes, and thereon alleges that Defendants together willfully, deliberately, knowingly, aided, contributed to, and/or assisted each other in using Plaintiffs' copyrighted works for the purpose of promoting its business and attracting new business, in competition with Plaintiffs and/or to confuse customers as to the source of its goods.

### FIRST CLAIM FOR RELIEF

### (Copyright Infringement under 17 U.S.C. § 101 *et seq.*)

31.     Plaintiffs reallege and   incorporates the allegations contained in paragraphs 1 through 30 of this Complaint as through fully and completely set forth herein.

32.     Plaintiffs are the exclusive owner of all right, title, and interest in and to the copyrights for  Plaintiffs' Website, <misstravel.com>, Reg. No. VA 1-916-366. The copyright registration is valid and includes but is not limited to original work such as text, photographs, and 2-D artwork published on Plaintiffs' Website.

33.     Reflex Media holds an exclusive license to use, distribute, and publicly display the Work.

34.     Plaintiffs are informed and believes, and thereon alleges that Defendants have infringed Plaintiffs' copyrighted works in violation of exclusive rights contained in 17 U.S.C. § 106  by slavishly copying, distributing, creating derivative works, and publicly displaying works that were copied or caused to be copied  from every portion of Plaintiffs' Website that are substantially and/or strikingly similar to those copyrighted works.

35.     Plaintiffs are informed and believes that Defendants have willfully infringed Plaintiffs' copyrights by viewing Plaintiffs' Website and slavishly copied its original and protected elements in order to repurpose and republish such works on Defendants Infringing Website. Unless enjoined, Defendants will continue to

willfully infringe Plaintiffs' registered copyrights by reproducing, copying, adapting, duplicating, displaying, distributing and utilizing for the purposes of trade unauthorized versions of Plaintiffs' copyrighted works. Defendants committed each act of infringement with the knowledge that the work they were copying and publicly displaying were subject to United States copyright protection and with the knowledge that they were not authorized to do so.  These are willful violations within the meaning of 17 U.S.C. § 501 *et seq.*

36.     Plaintiffs are informed and believes that every single page of Defendant's Infringing Website is infringing and slavishly copied from Plaintiffs. Defendants only made changes to the logos and company names.

37.     Plaintiffs are informed and believes that Defendants have received money through user memberships on Defendants Infringing Website.

38.     All of Defendants' acts were and are performed without the permission, license or consent of Plaintiffs.

39.     Defendants' infringement has adversely affected the potential market for and value of Plaintiffs' copyrighted works. An unaffiliated website <datingwebsitereview.net> stated in a negative review "SugarDaddy.travel which is the same site that MissTravel.com but under a different URL."

40.     Furthermore, the wrongful acts of Defendants have caused, and are causing great injury to Plaintiffs which damages cannot be accurately computed

41.     As a direct and proximate result of Defendants' acts of willful infringement, Plaintiffs are entitled to recover damages under 17 U.S.C. § 504, as well as costs and attorney's fees under 17 U.S.C. § 505.

42.     Plaintiffs have no adequate remedy at law and pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunctions prohibiting further infringements of its copyrights and exclusive rights under copyright.

1
2
3
4

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement under 17 U.S.C. § 101 *et seq.*)

43.    Plaintiffs realleges and   incorporates the allegations contained in paragraphs 1 through 42 of this Complaint as through fully and completely set forth herein.

44.     At all relevant times, each Defendant has engaged and, on information and belief, continues to engage in the business of knowingly and systematically participating in, facilitating, materially contributing to, and encouraging the above-described unauthorized copying, distribution and public displays of the Plaintiffs' Work and thus infringement of Plaintiffs' exclusive copyright rights in the Works by each other defendant.   Defendants together and each of them have actual and constructive knowledge of the infringements.

45.    At all relevant times, each Defendant has had the right and ability to supervise and/or control the infringing conduct of each other defendant.

46.    Defendants through (a) their active participation in the unauthorized copying, distribution, and public display of Plaintiffs' copyrighted Works, (b) their provision and the means and facilities for unauthorized copying, distribution, and public display, (c) their encouragement of and assistance to each other defendant to engage in these unauthorized acts and their material contribution to each other defendant's acts, (d) their control over the means and facilities by which such unauthorized copying, distributions, public display are effected, and (e) the benefits that Defendants derive from all of the aforesaid acts, all with the full knowledge of their illegal consequences, have committed, and/re are contributory liable for the vast number of copyright infringements.

47.    The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights.

48.    As a direct and proximate results of Defendants infringement of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement, as well as costs and attorney's fees under 17 U.S.C. § 505.

49.    Plaintiffs have no adequate remedy at law and pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunctions prohibiting further infringements of its copyrights and exclusive rights under copyright.

## **THIRD CLAIM FOR RELIEF**

(Trade Dress Infringement,15 U.S.C. § 1125)

50.    Plaintiffs reallege and    incorporates the allegations contained in paragraphs 1 through 49 of this Complaint as through fully and completely set forth herein.

51.    The unique look and feel of Plaintiffs' Website and services, including its interface, page layout, and graphics, is nonfunctional and constitute protectable trade dress.

52.    Plaintiffs' Website is unique, recognizable, and not merely functional.

53.    Defendants have copied Plaintiffs' trade dress in connection with goods or services in commerce in a manner has caused confusion, and likely to continue to cause confusion or mistake, or to deceive users as to the affiliation, connection, or association of the Defendants' website with Plaintiffs', or as to deceive users as to the origin, sponsorship, or approval of the Defendants Infringing Website, services or commercial activities.

54.    Actual confusion has taken place as shown by a review by an unaffiliated website <datingwebsitereview.net> stating: "SugarDaddy.travel which is the same site that MissTravel.com but under a different URL."

55.    Plaintiffs have been adversely affected by Defendants' violations.  As a direct and proximate cause of Defendants' conduct, Plaintiffs sustained damages in an amount to be determined at trial.

56.    By reason of Defendants' conduct, Plaintiffs have suffered, is suffering, and will continue to suffer irreparable harm, and unless Defendants are enjoined, the irreparable harm to Plaintiffs will continue.  Plaintiffs have no adequate remedy at law.

57.    Plaintiffs are entitled to recover from Defendants  damages sustained by it as a result of Defendants' wrongful acts as alleged herein. Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as alleged in this Complaint.  Plaintiffs are unable to ascertain the full extent of these gains, profits, and advantages at this time. Plaintiffs are further entitled to treble damages as a result of Defendants' willful bad faith.

58.    Plaintiffs are entitled to an injunction restraining Defendants and their agents from engaging in further unlawful acts and from reaping any additional commercial advantage from their trade dress infringement, false representations and false designations of origin.

59.    Plaintiffs are informed and believes and thereon alleges that Defendants' breach of the Lanham Act was willful, malicious, oppressive and fraudulent, justifying an award of attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

(UNFAIR COMPETITION 15 USC § 1125a)

60.    Plaintiffs reallege and   incorporates the allegations contained in paragraphs 1 through 59 of this Complaint as through fully and completely set forth herein.

61.    Defendants' actions described above and specifically, without limitation, Defendants' use of Plaintiffs' copyrighted works, protectable trade dress, and confusingly similar variations thereof, in commerce to advertise, market, and sell Defendants Infringing Website throughout the United States including California; their use of misleading publicity on "ABC Good Morning America, CNN, Huffington Post, Today" taken from Plaintiffs' Website constitute unfair competition and false advertising violation of 15 U.S.C. § 1125(a).

62.    Consumers have been and are likely to be mislead and deceived by Defendants' online representations regarding its source of origin; it's publicity since Plaintiffs' officer and founder, Brandon Wade was featured on said media outlets-not Defendants.

63.    Defendants knew or should have known that their statements were false and or likely to mislead.

64.    An Actual and proximate result of Defendants' willful and intentional actions, Plaintiffs have suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiffs will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

65.    Pursuant to 15 U.S.C. §1117, Plaintiffs are entitled to damages for Defendants' Lanham Act violations, an account for profits made by Defendants Infringing Website, as well as recovery of the costs of this action.  Furthermore, Plaintiffs are informed and believes, and on that basis alleges, that Defendants'' conduct was undertaken willfully and with an intention of causing confusion,

mistake or deception, making this an exceptional case entitling Plaintiffs to recover additional damages and attorney fees pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (UNFAIR COMPETITION - Cal. Bus. & Prof. Code §17200)

66.    Plaintiffs reallege and   incorporates the allegations contained in paragraphs 1 through 65 of this Complaint as through fully and completely set forth herein.

67.    Defendants' actions described above and specifically, without limitation, Defendants' use of Plaintiffs' copyrighted works, protectable trade dress, and confusingly similar variations thereof, in commerce to advertise, market, and sell Defendants Infringing Website throughout the United States including California; their use of misleading publicity on "ABC Good Morning America, CNN, Huffington Post, Today" taken from Plaintiffs' Website constitute unfair competition and false advertising violation of the laws of the State of California.

68.    By these actions, Defendants have engaged in false advertising and unfair competition in violation of the California Business and Professions Code §§ 17200 and 17500 *et seq.*

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

69.    Plaintiffs reallege and   incorporates the allegations contained in paragraphs 1 through 68 of this Complaint as through fully and completely set forth herein.

70.    As economic relationship exists between Plaintiffs and its customers and prospect, containing probable future economic benefit or advantage to Plaintiffs.

71.    The Defendants knew or should have known of the existence of the relationship between Plaintiffs and its customers and prospective customers.

72.    The Defendants intentionally and knowingly engaged in wrongful conduct including but limited to creating a copycat website by copying and using Plaintiffs' copyrighted works and protectable trade dress in order to interfere with or disrupt the relationship between Plaintiffs and its customers and prospective customers.

73.    The Defendants actually interfered with the economic relationship between Plaintiffs and its customers and prospective customers.

74.    As a proximate result of the wrongful acts of Defendants, Plaintiffs have suffered and will continue to suffer substantial damages.  The precise nature and amount of such accrued and continuing damages is not known to Plaintiffs and cannot be ascertained by it at the present time, but such damages are on information and belief substantial and in an amount to be proven at trial.

## PRAYER FOR RELIEF

1.    For a preliminary and permanent injunction enjoining Defendants and their agents, servants, employees, officers, attorneys, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner on any of Plaintiffs' respective exclusive rights (whether not in existence or hereafter created), including without limitation, copyrights, trade dress, or any other rights; (b) causing, contributing to, enabling, facilitating or participating in the infringement of Plaintiffs' respective exclusive rights (whether not in existence or hereafter created), including without limitation, copyrights, trade dress, or any other rights; (c) using or employing any of the copyrighted works; (d) unfairly competing with

Plaintiffs; from continued misappropriate of the Plaintiffs Website and copyrighted works;

2.   That Defendants Infringing Website <sugardaddy.travel> and material stolen from Plaintiffs be taken down, destroyed, or otherwise appropriately disposed of, and that all storage devices, computers, computer servers, all hardware and software pertaining or connected thereto, and all other devices by which defendants have copied, unlawfully modified or publicly displayed be seized from Defendants and destroyed, or otherwise appropriately disposed of, pursuant to 17 U.S.C. § 503;

3.   That Defendants be required to pay to Plaintiffs the actual damages suffered by Plaintiffs as a result of the infringement and any profits of Defendants attributable to the infringement of Plaintiffs' exclusive rights under copyright and to pay such damages to Plaintiffs as this Court shall deem to be just and proper within the provisions of the Copyright Act;

4.   That Defendants be required to account for all gains, profits and advantages derived from their acts of infringement and for their other wrongful conduct and violations of law;

5.   For restitution of benefits unjustly received or retained by Defendants not heretofore claimed

6.   For punitive damages otherwise available and not elsewhere sought;

7.   For in the alternative, statutory damages for copyright infringement in the amount of $150,000.00 for each work infringed as against each Defendant;

8.   That Plaintiffs recover its attorneys' fees reasonably incurred in this action to the extent permitted by law;

1     9.     For such other and further relief as the Court may deem just and proper.

2

3   Dated:  November 30, 2015                    COHEN IP LAW GROUP, P.C.

4

5                                       By:  /s/Michael N. Cohen/

6                                            Michael N. Cohen
                                             Joshua H. Eichenstein
7                                            Attorneys for Plaintiff. REFLEX MEDIA
                                             INC. a Nevada Corporation, InfoStream
8                                            Group, a Nevada Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, REFLEX MEDIA INC. a Nevada Corporation. respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:  November 30, 2015           Michael N. Cohen,
COHEN IP LAW GROUP, P.C.


                      By:  */s/Michael N. Cohen/*
Michael N. Cohen
Joshua H. Eichenstein
Attorneys for Plaintiff, REFLEX MEDIA INC. a Nevada Corporation